## CAREY ET AL. v. HENRY.

May 4, 1839.

*Rule to show cause of action, and why defendant should not be discharged on common bail.*

An affidavit to hold to bail, in trover, averring the property of plaintiff, the possession of defendant, the value, the refusal to deliver and the conversion, is sufficient, although it does not set forth in detail the circumstances under which the defendant obtained the possession of the property, its particular kind, and the manner in which the defendant applied it to his own purposes.

[Carey et al. v. Henry.]

THIS was an action of trover to March term, 1839, No. 961. The plaintiff being ruled to show his cause of action, produced the following affidavit:—

" George W. Gorton being duly sworn according to law, says, that H. O. Henry, the above named defendant, hath possessed himself of divers goods and chattels, of the above named plaintiff, of the value of three hundred dollars, which he hath refused to deliver to said plaintiff, and hath converted the same to his own use."

*Henderson*, for the rule, cited 32d *E. C. L. R.* 353.
*Knight*, contra.

PER CURIAM.—The objection to the affidavit made at bar, is not tenable. The affidavit avers the property in the plaintiffs, the possession of the defendant, the value, the refusal to deliver, and the conversion. These elements in an affidavit were sufficient by the English practice, (*Cowp.* 529; 1 *Wils.* 325,) which still obtains in Pennsylvania. The rules of the King's Bench, (*Hil. T.* 48, *G.* III. 9 *East.* 325,) and of the Common Pleas, and in Exchequer, (see 1 *Taunt.* 203; 7 *Price* 354,) which require that the affidavit must fully set forth and detail the circumstances under which the defendant obtained the possession of the property, its particular kind and value, and the manner in which the defendant applied it to his own purposes, however convenient, have not been adopted in our courts. Although the decisions of the English courts occurring since the revolution, as to points of general law, may now be cited by way of information, yet if founded on particular rules of court, they are wholly disregarded.

Rule discharged.